**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BETTY MESI; ERIC MESI, | No. 18-15766 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-00065-RCJ-WGC |
| v. | |
| SELECT PORTFOLIO SERVICING; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Betty Mesi and Eric Mesi appeal pro se from the district court's order

dismissing their action alleging violations of federal and state law arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion a dismissal of an action as duplicative.  *Adams v.*

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cal. Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).  We affirm.

The district court did not abuse its discretion in dismissing plaintiffs' action as duplicative of their earlier-filed action, *Mesi v. JPMorgan Chase Bank, et al*., No. 3:15–cv–00555–RCJ-WGC (D. Nev.), because the causes of action and relief sought are the same in both actions, and the parties are the same or in privity with each other.  *See Adams*, 487 F.3d at 688-89 (explaining that in determining whether a later-filed action is duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"); *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

We reject as unsupported by the record plaintiffs' contention that the district judge was biased.

Plaintiffs' requests for sanctions (Docket Entry Nos. 8, 22 and 23) and motion to strike (Docket Entry No. 38) are denied.

**AFFIRMED.**